**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 14, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PETER PHAM,

    Defendant - Appellant.

No. 26-4029
(D.C. No. 2:22-CR-00224-HCN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **TYMKOVICH** and **FEDERICO**, Circuit Judges.
_____

Pursuant to a plea agreement, Peter Pham pleaded guilty to conspiracy to distribute illegal drugs and conspiracy to commit money laundering. He was sentenced to 120 months in prison and three years of supervised release. He then filed this appeal. His plea agreement contains an appeal waiver that the government now moves to enforce. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating such a motion, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Pham, through counsel, has acknowledged that the appeal waiver is enforceable and therefore does not oppose the government's motion. Based on the parties' positions, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court

Per Curiam